AO 93 (Rev. 12/09) Search and Seizure Warrant  (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The Residence at 215 North Commonwealth Avenue,<br>Apartment C, Los Angeles, CA 90004 | )<br>)<br>) Case No.   2:17-MJ-3156<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Central     District of     California    
*(identify the person or describe the property to be searched and give its location)*:

   See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

   See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.   Such affidavit is incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before     14 days from the date of its issuance    
                                                                                                    *(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*     ☐ for _____ days *(not to exceed 30)*.
                                                ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____     _____
                                                           *Judge's signature*

City and state: _____          _____
                                                          *Printed name and title*

AUSA:  Katherine A. Rykken, x. 3659

*AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)*

| Return | | |
|---|---|---|
| Case No.: <br> 2:17-MJ-3156 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: <br> [Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes).  If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.] | | |

**Certification**  (by officer present during the execution of the warrant)

*I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.*


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

AUSA:  Katherine A. Rykken, x. 3659

## ATTACHMENT A

### PROPERTY TO BE SEARCHED

The property to be searched is the home of Robert HAACK and Zenia Orbe, located at 215 North Commonwealth Avenue, Apartment C in the basement and first and second floor of the duplex in Los Angeles, California, 90004 (the "RESIDENCE"). The RESIDENCE is one unit of a two-unit, two-story property, white in color, approximately 2,103 square feet, and surrounded by a privacy fence. The RESIDENCE has a gate that has to be manually opened to enter or exit the driveway. The rear of the RESIDENCE is paved and used for parking and storage.

**ATTACHMENT B**

**I.   ITEMS TO BE SEIZED**

1.   All evidence at the location described in Attachment A that relates to violations of 18 U.S.C. § 1159, sale of items falsely represented as made by a particular Native American artisan, including:

    a.   Loloma style jewelry bearing any variation of the "Loloma" hallmark;

    b.   Lists of customers and related identifying information; types, amounts, and prices of jewelry produced sold and or manufactured; any and all correspondence in relation to jewelry sales, production or business practices; all bank records, checks, credit card bills, account information, books, records, receipts, notes, ledgers, and other records as they may relate to the aforementioned violations of the Indian Arts and Crafts Act; the term "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any electrical, electronic or magnetic form (such as any information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMSs, optical discs, backup tapes, printer buffers, smart cards, flash/thumb drives, as well as printouts or readouts from any magnetic storage device); any handmade form (such as writing, drawing, painting):

[Instrumentality Protocol]

any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, and photocopies);

    c.    tools and instruments involved in the manufacturing, production and sales of jewelry;

    d.    personal books and records reflecting names, addresses, telephone numbers, and other contact or identification data relating to the manufacture and sale of the prohibited items;

    e.    hallmarking/signature tool(s) with any combination of letters;

    f.    documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, credit card receipts, and telephone bills recording travel;

    g.    documents relating to birth, heritage, or lineage; and

    h.    documents indicating property ownership and tenancy.

[Instrumentality Protocol]

## II. SEARCH PROCEDURE FOR DIGITAL DEVICE

2. In searching the devices listed in Attachment A (or forensic copies thereof), law enforcement personnel executing this search warrant will employ the following procedure:

    a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) beyond this 120-day period without first obtaining an extension of time order from the Court.

    b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

        i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data

[Instrumentality Protocol]

falls within the list of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

    c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

    d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

    e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

[Instrumentality Protocol]

v

    f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of items to be seized, the government may retain forensic copies of the digital device but may not access data falling outside the scope of the items to be seized (after the time for searching the device has expired) absent further court order.

    g. The government may retain a digital device itself until further order of the Court or one year after the conclusion of the criminal investigation or case (whichever is latest), only if the device is determined to be an instrumentality of an offense under investigation or the government, within 14 days following the time period authorized by the Court for completing the search, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending). Otherwise, the government must return the device.

    h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

  3. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

[Instrumentality Protocol]

  a. Any digital device capable of being used to commit, further or store evidence of the offenses listed above;

  b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

  c. Any magnetic, electronic, or optical storage device capable of storing digital data;

  d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

  e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

  f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

  g. Any passwords, password files, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

  4. During the execution of this search warrant, the law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of any person, who is located at 215 North Commonwealth, Apartment C, Los Angeles, CA during the execution of the search and who is reasonably believed by law enforcement

[Instrumentality Protocol]

to be a user of a fingerprint sensor-enabled device that is located at the residence and falls within the scope of the warrant, onto the fingerprint sensor of the device (only when the device has such a sensor) in order to gain access to the contents of any such device.

    5.   The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.